# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANDRE D. NASH,**

        **Plaintiff,**

v.                                            Case No. 23-CV-203

**CO COLLIN SULLIVAN,**
**SGT. TIFFANY RUNCIMAN,**
**SGT. LINDA SCHNEIDER,**
**And LT. TONIA ROZMARYNOSKI,**

        **Defendants.**

---

## ORDER

---

Plaintiff Andre D. Nash, who is confined at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) The court has jurisdiction to screen the complaint in light of Nash's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

### SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

2

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Nash's Allegations*

Nash alleges that on February 23, 2022, between 2:30 p.m. and 5:50 p.m., he pressed the intercom button "several times" and told defendant Sgt. Linda Schneider that he was suicidal and going to hang himself by using a bedsheet tied around the ceiling light. (ECF No. 1, ¶ 6.) He states that Schneider did nothing to intervene. (*Id.*)

When defendant C.O. Collin Sullivan, who was the wing officer that afternoon, came to Nash's cell, Nash states he told Sullivan about "a dozen times" that he was going to hang himself. (ECF No. 1, ¶ 9.) Sullivan simply walked away. (*Id.*) Nash also asked Sullivan to tell defendant Sgt. Tiffany Runciman that he was going to hang himself and that he needed to go on observation status, but Runciman did not act on this information because she was too busy. (*Id.*, ¶ 11.)

At approximately 6:30 p.m., Nash hanged himself. (ECF No. 1, ¶ 14.) At approximately 6:37 p.m., another prisoner told Sullivan that Nash had hanged himself, and Sullivan came up to Nash's cell and "saw him [*sic*] hanging body and legs in a squirming motion." (*Id.*, ¶ 14.) Nash asserts that Sullivan called for the sergeant "with no sense of urgency." (*Id.*, ¶ 15.) Defendant Lt. Rozmarynoski came to Nash's cell, saw him hanging and that he was not touching the ground. (*Id.*, ¶¶ 17-19.) She then used "Mark 3" spray on Nash "without warning". (*Id.*, ¶ 20.) At 6:41 p.m., Nash was cut down. (*Id.*, ¶ 22.)

3

Nash was taken to the nurse's station where non-defendant Nurse Shane Garland immediately called an ambulance. (ECF No. 1, ¶ 24.) Nash experienced a seizure in the ambulance. (*Id.*, ¶ 27.) Once at St. Vincent's Hospital, non-defendant Dr. Angela Wright assessed him and determined that he had been hanging for five to ten minutes. (*Id.*, ¶ 28.) Nash was placed in the intensive care unit on a ventilator to prevent significant brain injury. (*Id.*, ¶ 30.)

*Analysis*

Nash claims that the defendants violated his Eighth Amendment rights when they ignored his threats of suicide and when they did not appropriately address his suicide attempt. He also claims that Lt. Rozmarynoski violated his Eighth Amendment rights by spraying him with OC spray.

The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). In instances of self-harm or suicide, a plaintiff must "allege plausibly that prison staff (1) knew of a significant likelihood that he would imminently attempt suicide and (2) failed to take reasonable steps to prevent his attempt." *Davis-Clair v. Turck*,

4

714 Fed A'ppx 605, 606 (7th Cir. 2018). Nash may proceed on an Eighth Amendment claim for failure to protect from suicide against all defendants. He alleged that he told them he was going to hang himself, including how he was going to do it. He also alleged that they did not respond quickly when he actually hanged himself.

He may also proceed on an Eighth Amendment excessive force claim against Lt. Rozmarynoski. "Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020). Nash alleges he was already hanging when Rozmarynoski sprayed him with OC spray for no reason.

Nash also sues the defendants in their official capacity. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Nash's official capacity claims against defendants are therefore claims against the state. Where a plaintiff seeks damages rather than injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* However, where a plaintiff seeks injunctive relief, such claims are permissible under § 1983. These claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

While Nash seeks injunctive relief requiring the defendants to make the lights safer so they can't be used in suicide attempts, he does not allege any policies

5

or customs that caused the defendants' alleged deliberate indifference. Therefore, he may not proceed against the defendants in their official capacities.

## CONCLUSION

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants C.O. Collin Sullivan, Sgt. Tiffany Runciman, Sgt. Linda Schneider, and Lt. Tonia Rozmarynoski. It is **ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Nash is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Nash is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Nash's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Nash may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 24th day of April, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge